Whaley, Judge,
delivered the opinion of the court:
This is one (Senate bill 1525) of a number of cases referred to this court under Senate congressional reference, Resolution No. 170, 67th Congress, 2nd session.
The facts show that the plaintiff was served with the commandeer order on or about June 19, 1918, which demanded possession of its leases with the Bush Terminal Buildings Conrpany and on September 13, 1918, the Government canceled the order for possession. The plaintiff elected to receive back the leases which had been commandeered. During the period the commandeer order was in effect the possession of the plaintiff was not disturbed and no losses incurred anticipating removal. The defendant never entered into physical possession and the plaintiff remained in possession under its original leases many months after the leases had been returned to it. There is no value proved for the temporary taking during the life of the commandeer order, and, doubtless, no value can be proved for such an insignificant temporary disturbance of physical possession. This case is materially different from the case of William Wrigley, Jr., Co. v. The United States, 75 C. Cls. 569. and that case has no application. The plaintiff is suing for just compensation for the taking of its leases and must prove the value of the thing taken. This it has failed to do.
*461 This cause of action is for the taking of private property for public use and is within the general jurisdiction of this ■court. Barnes v. United States, 46 C. Cls. 7.
The petition must be dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GbeeN, Judge; and Booth, Chief Justice, concur.